# LANKLER SIFFERT & WOHL LLP

1185 Avenue of the Americas
New York, N.Y. 10036
+1.212.921.8399 | www.lswlaw.com

Writer's Direct Contact:
+1.212.930.1203
mcoogan@lswlaw.com

April 24, 2025

BY ECF

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

    Re:    *Woodward Park Partners, LLC v. Advanced Drainage Systems, Inc.*,
              No. 25 Civ. 3064 (JPC)

Dear Judge Cronan:

      We represent Plaintiff Woodward Park Partners, LLC, in the above action. Pursuant to Rule 4(B) of the Court's Individual Rules and Practices in Civil Cases, we respectfully write to request that the Court grant Plaintiff leave to file the enclosed redacted version of Exhibit 3 to its Complaint ("Exhibit 3") and to maintain as a sealed filing the unredacted version that was filed publicly last week (ECF No. 1-3). Plaintiff makes this request to protect the privacy and competitive interests of certain of its third-party clients who are not relevant to Plaintiff's claims against Defendant Advanced Drainage Systems, Inc. ("ADS"), but whose names are referenced in three ancillary schedules included in Exhibit 3 (*id.* at 17–19).[1]

      As alleged in the Complaint, Plaintiff is a provider of M&A financial advisory and investment banking services. (Compl. (ECF No. 1) ¶ 2.) Exhibit 3 is an August 18, 2023, Assignment and Assumption Agreement under which Cowen & Company, LLC ("Cowen"), not a party to this action, assigned to Plaintiff, and Plaintiff assumed, all rights and obligations under a December 16, 2021, engagement agreement between Cowen and ADS—the contract that gives rise to Plaintiff's claims in this action. (*Id.* ¶¶ 24–26.) In addition to referencing the December 16, 2021, agreement between Cowen and ADS, Exhibit 3 identifies certain other engagement agreements that Cowen assigned to Plaintiff under the same August 18, 2023, Assignment and Assumption Agreement. On Tuesday of this week, it came to our attention that several of those other engagements (collectively, the "Third-Party Engagements,") should be treated confidentially because each either is actively being serviced by Plaintiff or was previously serviced and is currently on hold due to market or other conditions but is expected to resume when conditions improve. Shortly after we became aware of our error in filing Exhibit 3 publicly, at my request pursuant to Rule 21.7 of the Court's Electronic Case Filing Rules &

---

[1] We have not met and conferred with Defendant regarding this request because no counsel has yet appeared on Defendant's behalf. To ensure that Defendant is aware of the present application, we are sending a copy of this letter to Defendant's General Counsel.

LANKLER SIFFERT & WOHL LLP

Hon. John P. Cronan
April 24, 2025
Page 2

Instructions, the Court's ECF Help Desk temporarily sealed ECF No. 1-3 pending the Court's consideration of the present application.

In determining whether good cause exists to maintain ECF No. 1-3 as sealed, this Court must engage in a three-part analysis, inquiring: (i) whether Exhibit 3 is a "judicial document" subject to a presumption of public access; (ii) if so, the weight of the presumption of public access to be accorded Exhibit 3; and (iii) whether any presumption of public access is outweighed by countervailing factors such as privacy or competitive interests of third parties. *See Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Sigma Lithium Corp. v. Gardner*, No. 23 CIV. 7403 (DEH), 2025 WL 966790, at *1 (S.D.N.Y. Mar. 31, 2025).

Applied here, the requisite analysis establishes good cause for the limited redactions that Plaintiff requests.

*First*, Exhibit 3 is not a "judicial document" subject to a presumption of public access. The Second Circuit has "emphasized that 'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access'" and that, "[i]nstead, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A document is "relevant to the performance of a judicial function" if it "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers." *Brown*, 929 F.3d at 49. (emphasis in original).

Here, Exhibit 3 is not the subject of any current motion or exercise of this Court's supervisory authority. Indeed, while the August 18, 2023, Assignment and Assumption Agreement reflected in Exhibit 3 could potentially influence a future decision by the Court, it could do so only insofar as it relates to Plaintiff's assumption of Cowen's rights and obligations under the December 16, 2021, engagement agreement with Defendant ADS; Exhibit 3's limited references to the Third-Party Engagements—the only information that Plaintiff seeks to redact— are wholly irrelevant to Plaintiff's claims.

*Second*, with respect to the Third-Party Engagements, little, if any, weight should be assigned to any presumption of public access that otherwise might apply. Because the Third-Party Engagements are irrelevant to Plaintiff's claims, they will play no role in the Court's determination of the parties' substantive rights and obligations in this action. *See Brown*, 929 F.3d at 49 (holding that, "if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches") (emphasis in original); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.")

LANKLER SIFFERT & WOHL LLP

Hon. John P. Cronan
April 24, 2025
Page 3

*Third*, the privacy and competitive interests of the entities involved in the Third-Party Engagements outweigh any presumption of public access. As noted, each of the Third-Party Engagements is currently either ongoing or on hold and expected to resume. The fact that the affected third-party entities have engaged Plaintiff's services would, if disclosed publicly, make known to the market that they are exploring potential M&A transactions, likely causing those entities competitive harm in addition to harming their privacy interests as third parties to this action. *See Olson v. Major League Baseball*, 29 F.4th 59, 91 (2d Cir. 2022) (noting that the Second Circuit has "recognized that the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" and upholding district court's permitted redaction of third-party names from public filing as "consistent with our guidance that, in conducting this balancing and exercising its discretion, a district court should consider its ability to use redactions that do not unduly interfere with the public's right to access judicial documents in order to address privacy concerns") (internal citations and quotation marks omitted); *Sigma Lithium Corp.*, 2025 WL 966790, at *2 (similar).

For these reasons, Plaintiff respectfully requests that the Court: (i) direct the Clerk of Court to maintain ECF No. 1-3 as a sealed filing; and (ii) grant Plaintiff leave to file the enclosed redacted version of Exhibit 3 to Plaintiff's Complaint. Per Rule 4(B)(ii) of the Court's Individual Rules and Practices in Civil Cases, upon filing of this letter, the undersigned will email to the Court's Chambers and Courtroom Deputy an unredacted copy of Exhibit 3 with Plaintiff's proposed redactions highlighted.

Respectfully,

Matthew G. Coogan

Enclosure

cc:   Nathan C. Hamilton, Esq.
      General Counsel
      Advanced Drainage Systems, Inc.

      BY EMAIL

The request is granted. The redacted information is irrelevant to Plaintiff's claims, and the privacy and competitive interests of the entities involved in the third-party engagements outweigh any presumption of public access. Further, the sealing request is narrowly tailored to address the sensitivity of the information. Accordingly, sealing is warranted under *Lugosch*, Docket Number 1-3 will remain under seal, and Plaintiff shall file the redacted version of Exhibit 3 to Plaintiff's Complaint.

SO ORDERED
April 25, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge